| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

-------------------------------------------------------------X
MIKHAIL RAKMANOV,

                      Petitioner,      **MEMORANDUM & ORDER**:
                                                No. 07-cv-1803 (ERK) (SMG)

              - against -

UNITED STATES OF AMERICA,

                      Respondent.
-------------------------------------------------------------X

KORMAN, J.:

      Petitioner, Mikhail Rakmanov, pled guilty on August 1, 2005, to one count of conspiracy to deal in approximately $200,000 of counterfeit currency. The plea was taken by United States Magistrate Judge Steven M. Gold. Rakmanov moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Rakmanov claims that his attorney was ineffective because he did not explain the plea agreement to him in his native tongue, Russian, or the possible ramification of deportation as a result of the plea. Pet'r's Mot. at 5. Consequently, Rakmanov claims he did not knowingly enter a plea of guilty, as required by Rule 11 of the Federal Rules of Criminal Procedure. Fed. R. Crim. Proc. 11(b)(1).

      Rakmanov's allegations are belied by his sworn testimony during the plea allocution. A Russian interpreter was provided for Rakmanov at the hearing, and Rakmanov testified that he understood the interpreter. Criminal Cause for Guilty Plea Tr. 2:15-22, Aug. 1, 2005 ("Plea Tr."). Additionally, Magistrate Gold repeatedly confirmed that Rakmanov could understand the proceedings with the assistance of the interpreter. *Id.* at 3:23-24, 6:20-22, 19:2-8. Rakmanov answered "yes" when asked by Judge Gold if he had had "enough time to go over [the] case very carefully with Mr. Lombardino . . . ." *Id.* at 8:16-18. Rakmanov answered in the affirmative when

Judge Gold asked whether he had received a copy of the indictment containing the charges against him and whether the indictment had been read to him in his native tongue. *Id.* at 8:22 - 9:4. Rakmanov also answered in the affirmative when Judge Gold asked if his attorney had reviewed the indictment "carefully" with him. *Id.* at 9:1-4.

When questioned on the plea agreement, Rakmanov testified unequivocally that he understood the contents of the document.

> COURT: Mr. Rakmanov, do you recognize this document [the plea agreement] and in particular does your signature appear on the last page?
> DEFENDANT: Yes.
> COURT: Before you signed this was it reviewed with you carefully and read to you in Russian in the presence of your lawyer?
> DEFENDANT: Yes.
> COURT: Did you understand what you were signing?
> DEFENDANT: Yes.
> COURT: Do you have any questions about what your agreement says that you would like to ask me or discuss privately with Mr. Lombardino?
> DEFENDANT: No, I don't have questions.
> COURT: Is everything that you and the prosecution have agreed to regarding your case accurately and completely written down in that agreement?
> DEFENDANT: Yes.
> COURT: Has anyone promised you anything in return for pleading guilty that is not written down on those pages?
> DEFENDANT: No, nobody didn't [*sic*] promise anything.

*Id.* at 13:22 - 14:18. Petitioner's sworn testimony directly counters his allegations(i) that his "[a]ttorney never explained the plea agreement to [him] in Russian"; (ii) that his attorney "did [not] have the agreement translated into Russian"; or, (iii) that his plea was not knowing, as required by Rule 11. Pet'r's Mot. at 5.

Additionally, Judge Gold reviewed the ramifications of his plea with Rakmanov, including the possibility of deportation:

| | |
|---|---|
| COURT: | So let's say you finish serving your sentence and you're then deported and during the supervised release term you try to come back to the United States, you could be prosecuted and sent to prison for illegally coming into the United States and in addition have to serve two more years on the counterfeit charge because of what you did. Is all of that clear? |
| DEFENDANT: | Yes. |
| | . . . |
| COURT: | You could be deported from the United States based upon your admission of guilt today. If the government seeks to deport you, you won't be allowed to deny any criminal actions you admit to today. This proceeding will be binding upon you in all future legal proceedings including any proceedings held to decide whether you have a right to remain in or ever return to the United States. Is that clear? |
| DEFENDANT: | Yes. |

*Id.* at 16:6 - 17:2. This colloquy puts to rest Rakmanov's final allegation that he was unaware of the "[i]mmigration issues [his] crime created." Pet'r's Mot. at 5.

"[I]n the absence of any credible evidence to the contrary, the court is permitted to rely upon the defendant's sworn statements, made in open court, that: his plea was knowing and voluntary . . . he had discussed the plea with his attorney, he knew that he could not withdraw the plea, he knew that no promises had been made except those contained in the plea agreement, and he was satisfied with the advice of counsel." *United States v. Soler*, 289 F. Supp. 2d 210, 216 (D.Conn. 2003), *aff'd,* 124 Fed. Appx. 62 (2d Cir. 2005), *cert denied*, 546 U.S. 821 (2005); *see United States v. Malcolm*, 432 F.2d 809, 814 (2d Cir. 1970) (rejecting claim of coerced plea resting "on nothing but Malcolm's bald conclusory allegation which is refuted by the record"). *See also Chen v. United States*, Nos. 06-civ-7159, 02-cr-1039, 2007 WL 4358466, at *3 (S.D.N.Y. Dec. 07, 2007) (denying section 2255 motion brought for ineffective assistance of counsel because petitioner's "sworn statements directly contradict[ed] his more recent self-serving allegations"); *Hernandez-Prisonol v. United States*, Nos. 05-civ-3234, 02-cr-1082, 2005 WL 2757530, at *3 (S.D.N.Y. Oct. 25, 2005) (denying section 2255

motion because petitioner's "plea allocution demonstrates that he understood . . . [what] he was pleading."

Moreover, Judge Gold made it clear that petitioner faced possible deportation, and Rakmanov testified that he understood this. The Second Circuit recently held in *Zhang v. United States*, 506 F.3d 162, 168-69 (2d Cir. 2007), that the district court's statements that the defendant might or may face deportation

> served to put Zhang on notice that his guilty plea had potential immigration consequences, and provided an opportunity to pursue those consequences more fully with his attorney or with an immigration specialist. That is all that is required. To be sure, the statements were not a full elaboration of the immigration consequences of a guilty plea, but they were not misleading or prejudicial in any way. To hold a sentencing court that has decided to address the topic to a higher standard of detail in explaining possible immigration ramifications – a notoriously complex and constantly shifting area of law – would likely have the perverse effect of encouraging sentencing courts simply to avoid the issue entirely, lest a reviewing court find a statement to be, in retrospect, misleading.

*Id.* at 169.

## Conclusion

The petition is denied. I also decline to issue a certificate of appealability.

**SO ORDERED:**

Brooklyn, New York
February 27, 2008

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge